# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY SCRUGGS, JR.,**
      **Plaintiff,**

   v.                                                        Case No. 17-C-0157

**WAUWATOSA SAVINGS BANK,**
**et al.,**
      **Defendants.**

---

## DECISION AND ORDER

Larry Scruggs, Jr., proceeding pro se, filed a complaint in this court against WaterStone Bank (formerly known as Wauwatosa Savings Bank), one of its employees, and several attorneys and law firms that represented WaterStone in a foreclosure proceeding that was pending in Wisconsin state court. The defendants moved to dismiss the complaint on various grounds, and also filed a motion to sanction the plaintiff under Federal Rule of Civil Procedure 11. In response to these motions, the plaintiff filed a motion for leave to file an amended complaint. The defendants oppose the motion to amend. However, for purposes of evaluating the motion to dismiss, I will consider the amended complaint since, if the amended complaint corrects any defects in the original complaint, I would grant the plaintiff leave to file it.[1]

---

[1] Arguably, the plaintiff is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). He dated his motion to amend on April 27, 2016, which was within 21 days of service of the motion to dismiss. But the court did not receive the motion until May 3, 2017, which was after the 21-day period expired. I need not decide what date controls because both the complaint and the amended complaint assert the same frivolous claims.

The plaintiff's complaint against the defendants arises out of a mortgage foreclosure action that WaterStone—while it was known as Wauwatosa Savings Bank—filed in Milwaukee County Circuit Court.[2] The foreclosure action involved seven properties that were owned by Advanced Properties and Investments LLC ("Advanced"). Scruggs was the sole member of Advanced. The bank filed the foreclosure action on June 22, 2007, and the complaint named Advanced and Scruggs as defendants, along with other parties that may have had liens on the properties. (The foreclosure complaint is attached as an exhibit to the plaintiff's amended complaint in this action.) The foreclosure complaint attached both the promissory note and the mortgage as exhibits. The plaintiff alleges that, when he and Advanced were served with process in the foreclosure action, the version of the complaint that he received also attached a document known as an "Affidavit of Correction" as an exhibit. The Affidavit of Correction is a document that Wauwatosa Bank completed and recorded with the register of deeds just prior to the time it commenced the foreclosure action. Scruggs alleges that the Affidavit of Correction purports to add three properties to the mortgage, which itself only mentions four properties, to bring the total number of properties subject to the mortgage to seven. The plaintiff contends that although he was served with a complaint that contained the Affidavit of Correction as an exhibit, the version of the complaint that Wauwatosa Bank filed with the Milwaukee County Clerk of Court did not contain the Affidavit of Correction as an exhibit. *See* Original Compl. pp. 2–3.

---

[2] The facts recited in this opinion are taken from the original complaint, the amended complaint, and the opinions of the Wisconsin Court of Appeals described below.

Neither Advanced nor Scruggs filed a timely response to the foreclosure complaint. In September 2007, the court found them in default and granted Wauwatosa Bank a default judgment of foreclosure on all seven properties. In November 2007, Advanced filed a bankruptcy petition in the Bankruptcy Court for the Eastern District of Wisconsin. At that point, the automatic stay prevented Wauwatosa Bank from immediately proceeding with the sheriff's sale for the seven properties. However, in December 2008, the bankruptcy court granted the bank relief from the automatic stay, and thereafter a foreclosure sale was held.

Around this time, Wauwatosa moved to have Scruggs dismissed as a defendant in the foreclosure action. Wauwatosa had determined that Advanced was the sole owner of the properties, and that therefore Scruggs was not a necessary party. The court granted that motion in March 2009, leaving Advanced as the only party to the foreclosure action. At the same time, the court confirmed the sheriff's sale of the properties.

In November 2009, Scruggs, proceeding pro se, moved to have the foreclosure judgment (which at that point applied only to Advanced) set aside on the ground that Wauwatosa had not properly served him with process. Scruggs believed that the discrepancy between the complaint as filed (which did not include the Affidavit of Correction) and the complaint as served (which did include the Affidavit of Correction) invalidated service and rendered the default judgment void. (Scruggs does not explain why he believes his being served with the copy of the complaint that *included* the Affidavit of Correction rendered service invalid, and I cannot think of any reason why it

would have.) The trial court held a hearing on this motion in March 2010 and then denied it.

Scruggs appealed the trial court's denial of his motion to reopen, purporting to represent both himself and Advanced pro se. The court of appeals dismissed the appeal because Scruggs had been dismissed from the case, leaving Advanced as the only party to the judgment, and thus Scruggs had no standing to challenge the judgment. Moreover, the court held, Scruggs could not prosecute the appeal on behalf of Advanced because he was not a licensed attorney and could not represent Advanced pro se. The court of appeals dismissed the appeal in an order dated September 27, 2011.

In November 2013, Scruggs filed a second motion to reopen the foreclosure judgment in the trial court, raising the exact same service issue that he had previously raised in both the trial and appellate courts. The trial court denied the motion, and Scruggs appealed. The court of appeals found that its previous opinion controlled and dismissed the appeal because Scruggs lacked standing and could not represent Advanced pro se. The court of appeals also sanctioned Scruggs for filing a frivolous appeal, and remanded the case to the trial court to calculate and impose the sanction, which was to consist of the costs and attorneys' fees Wauwatosa Bank incurred in defending the appeal. The trial court determined that such costs and fees amounted to $19,071.21.

Scruggs appealed the trial court's computation of the sanction award, and the court of appeals again affirmed. The court of appeals also imposed additional sanctions on Scruggs for filing a second frivolous appeal. These sanctions included an order

4

barring Scruggs from filing any further motion or appeal involving Wauwatosa Savings Bank.

Having been barred from state court, Scruggs turned to federal court, filing the present action against Wauwatosa Savings Bank, its employee, and its lawyers. The amended complaint recites the procedural history of the foreclosure action, Advanced's bankruptcy, and the appeals to the Wisconsin Court of Appeals. The complaint then contains various "counts," some of which purport to be based on federal law. In these counts, Scruggs accuses the defendants of making misrepresentations during the course of the foreclosure and the bankruptcy, but he does not clearly identify these alleged misrepresentations. As best I can tell, Scruggs believes the defendants falsely told the trial court, during the hearing on the plaintiff's motion to reopen the default judgment, that they had attached the Affidavit of Correction to the original complaint that they had filed with the clerk of court. But it impossible to see how this could have amounted to a fraud, as the original complaint was on file with the court and the court could have examined its contents. Scruggs also seems to allege that the defendants misrepresented to the bankruptcy court that they had completed a valid foreclosure prior to Advanced's filing for bankruptcy, but this was not a misrepresentation, as at the time the defendants filed their motion for relief from the automatic stay Wauwatosa Bank had been granted a judgment of foreclosure. Scruggs also seems to contend that the bank committed fraud by filing the Affidavit of Correction with the register of deeds. However, Scruggs does not allege that the contents of the affidavit were false—he does not dispute that the parties intended for the mortgage to apply to all seven properties and that three properties were omitted from the mortgage document by mistake—so it is

impossible to see how the bank's filing the affidavit could be thought to have been fraudulent. Finally, Scruggs seems to allege that the defendants deprived him of due process or access to the courts when they dismissed him from the foreclosure action, thereby depriving him of standing to appeal the state-court judgment. But of course Scruggs had no right to appeal the judgment once it no longer applied to him, and anyway the defendants were not government actors responsible for providing him with due process or access to the courts. Thus, the complaint asserts only frivolous claims, but there are other problems, as explained below.

The defendants move to dismiss the complaint based on the *Rooker-Feldman* doctrine. That doctrine prohibits district courts from exercising subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). An initial question under *Rooker-Feldman* is whether Scruggs is complaining of an injury caused by a state-court judgment. But this gives rise to a more fundamental question: exactly what is the injury that Scruggs complains of? The complaint alleges that the defendants made various missteps and misrepresentations in the state-court foreclosure action and the federal bankruptcy case, but the complaint does not identify any way in which Scruggs was personally harmed by these missteps or misrepresentations. Scruggs does not, for example, allege that he held title to the seven properties involved in the foreclosure in his own name and was injured when the court allowed Wauwatosa Bank to foreclose on

6

them.³ And because Scruggs was not a party to the bankruptcy, he was not injured when the defendants obtained relief from the automatic stay. Certainly Advanced, as the owner of the seven properties, was harmed by the foreclosure and the order granting relief from the automatic stay, but Scruggs cannot bring a federal claim on behalf of Advanced because he is not a licensed attorney and therefore cannot represent Advanced in federal court. *See* Gen. Local Rule 83(e) (E.D. Wis. 2010); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Scruggs seems to believe that any injury to Advanced was an injury to him as the sole member of Advanced. But a limited liability company like Advanced is a separate legal entity from its members, just like a corporation is a separate legal entity from its shareholders. *See Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014). Although an injury to Advanced might, in turn, affect Scruggs financially as a member of the limited liability company, this indirect financial injury is not an injury for which Scruggs has standing to seek redress in federal court. *See, e.g., Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008) ("a shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation").

Scruggs also alleges that the defendants denied him due process and access to the courts by having him dismissed from the foreclosure action. As I have mentioned, none of the defendants are government officials, and therefore they were not responsible for providing him with due process or access to the courts. But another problem is that the plaintiff does not allege that his being dismissed from the foreclosure

---

³ Scruggs was harmed by the sanctions orders entered against him by the state court, but I do not understand him to be seeking relief from those orders. If he were, that claim would be barred by *Rooker-Feldman*.

action caused him any harm. Again, the plaintiff did not own the properties that were foreclosed on—Advanced did—so the loss of the properties was not an injury to him. Moreover, the plaintiff does not allege that any relief was obtained against him personally, such as a deficiency judgment. The plaintiff could have hired a lawyer to defend Advanced against the foreclosure, but he chose not to do so. So the defendant's dismissing him from the foreclosure action caused him no injury. It was no different than if they had not sued him in the first place.

Accordingly, this action must be dismissed because Scruggs lacks standing to sue. *See Metallgesellschaft AG v. Sumitomo Corp. of America*, 325 F.3d 836, 842 (7th Cir. 2003) ("a district court may dismiss a case *sua sponte* for lack of Article III standing if it finds that the plaintiff has not suffered injury-in-fact"). Moreover, this suit must also be dismissed because there is no basis for exercising subject-matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Section 1332 allows a court to exercise jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000. Here, however, the complaint does not allege that the parties are diverse. Section 1331 allows a court to exercise jurisdiction when the complaint raises a federal claim. Here, although the plaintiff purports to bring several federal claims—violations of the Fair Debt Collection Practices Act, 42 U.S.C. § 1983, and RICO—they are all frivolous. The FDCPA claim is frivolous because, among other reasons, the debt at issue in this case was not incurred for personal, family, or household purposes, but in furtherance of Advanced's business interests. *See* 15 U.S.C. § 1692a(5); *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074 (7th Cir. 2011). The § 1983 claim is frivolous because, among other reasons, none of the defendants are state actors or were acting

under color of state law. The RICO claim is frivolous because, among other reasons, the complaint does not come close to alleging facts from which it could be inferred that the defendants committed acts of mail fraud or any of the other federal crimes that could make up a pattern of racketeering activity. *See Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 472–73 (7th Cir. 2007). Therefore, these purported federal claims do not engage the jurisdiction of the federal courts. *See, e.g., Greater Chicago Combine and Center, Inc. v. City of Chicago*, 431 F.3d 1065, 1069 (7th Cir. 2005).

The grounds for dismissing this case mentioned in the previous paragraph involve subject-matter jurisdiction. Ordinarily, when a suit is dismissed for lack of subject-matter jurisdiction, the dismissal is without prejudice, allowing the plaintiff to re-file the case in a court that has jurisdiction. *Georgakis*, 722 F.3d at 1077. However, when a suit is frivolous, the court may dismiss the suit with prejudice to prevent the plaintiff from burdening another court with the same frivolous suit. *Id.* at 1078. As I have explained, this suit is frivolous. Scruggs has not been injured by the defendants' conduct, he cannot assert claims on behalf of Advanced or represent Advanced pro se, and the substantive causes of action he alleges would be frivolous even if Scruggs had standing to pursue them. The Wisconsin Court of Appeals explained to Scruggs on multiple occasions that he was pursuing frivolous legal arguments and sanctioned him for continuing to do so. It appears that the only reason Scruggs filed a federal complaint is that the Wisconsin Court of Appeals barred him from filing additional appeals and motions in state court, so Scruggs needed to find a different forum in which to assert his frivolous claims. Despite having no federal claim, Scruggs asserted that jurisdiction exists under § 1331 and then cited several federal statutes that the defendants clearly

9

did not violate, solely for the purpose of manufacturing a basis for federal jurisdiction. Accordingly, this suit will be dismissed with prejudice.

The remaining issue is the defendants' motion for sanctions against Scruggs under Federal Rule of Civil Procedure 11.[4] A party may file a motion for sanctions against a party—including a pro se litigant—for engaging in conduct that violates Rule 11(b). *See* Fed. R. Civ. P. 11(c)(2); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). As is relevant here, Rule 11(b) prohibits a party from filing a pleading "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and from filing pleadings containing claims and legal contentions that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." As I have already explained, the plaintiff's claims are frivolous, and thus they are not warranted by existing law or by an nonfrivolous argument for modifying existing law. Moreover, because the claims are so clearly frivolous, and because the Wisconsin Court of Appeals already sanctioned Scruggs for pursuing nearly identical claims in state court, I can infer that the plaintiff brought the present suit to harass the defendants rather than to obtain a favorable judgment. *Click v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985). Thus, I conclude that Rule 11 sanctions should be imposed.

A sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4). The sanction may include "nonmonetary directives; an order to pay a penalty into court; or, if

---

[4] The defendants gave the plaintiff 21 days' notice of its motion before filing it, as required by Rule 11(c)(2), but the plaintiff did not withdraw his complaint within that time.

imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part of all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* The defendants have requested that the sanctions award require Scruggs to pay the attorneys' fees and other expenses they incurred in defending this action, among other things. I find that an award consisting of fees and expenses is warranted. The Wisconsin Court of Appeals twice sanctioned Scruggs by imposing fee-shifting awards, and that proved to be insufficient to deter him from continuing to pursue frivolous litigation against WaterStone Bank and its employees and attorneys. At the very least, then, another award of attorneys' fees and expenses is warranted. If that proves insufficient to deter Scruggs from continuing to pursue litigation in this court against the defendants, I will consider imposing additional sanctions, including an order to pay a penalty into court and an order barring Scruggs from filling other papers in federal court. But for now, I will leave the award of attorneys' fees and expenses as the only sanction. The award of attorneys' fees and expenses shall include the fees and expenses the defendants incurred in defending against this action and in filing the Rule 11 motion. *See* Rule 11(c)(2) (court may award the party who prevails on a Rule 11 motion the fees and expenses incurred for the motion).

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE** as frivolous and for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend his complaint is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for Rule 11 sanctions is **GRANTED**.  The plaintiff will be required to pay the defendants' reasonable attorneys' fees and expenses incurred in defending this action and in filing their Rule 11 motion. The defendants shall file a separate motion itemizing these fees and expenses within 14 days of the date of this order.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2017.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge